me that all the grievances of which they complain can be referred directly or indirectly to the fact that the vessel was overcrowded. The officers, no doubt, did all that lay in their power to promote the comfort of the passengers. But the large number on board rendered their efforts, to a great extent, ineffectual. It is to this cause that we must attribute the confusion which occurred in the assignment of berths—the necessity of stowing the baggage in the second cabin—they take with them good and substantial reasons the inadequate provision for facilities for washing, etc.—and for the same reason, it is testified, it became impracticable to open the port holes and properly ventilate the cabin. It seems to me, therefore, that the grievances complained of must be regarded as breaches of the contract, which the ship could have readily avoided, and for which it should be held responsible.

The amount of damages to be decreed is, necessarily, arbitrary, to a certain extent. No complaint is made as to the provisions furnished the passengers; nor does it appear that sickness prevailed to any considerable extent. No other suffering is shown than that which would necessarily arise from the nature of the accommodations afforded. The passengers arrived in the usual time and in safety. In attempting to estimate the degree of suffering to which, from the various causes mentioned, the passengers were subjected, it is, I think, evident that to the women it must have been greater than to the men. I think, therefore, that a discrimination should be made in the amount of the damages to be awarded. I shall decree to the female libellants the sum admitted in the answer to have been paid by them respectively for their passages on the Sonora, and to each of the men one-half that sum. A decree to this effect must be entered.

BAILEY. (STANLEY RULE & LEVEL CO. v.) See Case No. 13,287.

## Case No. 74'

### BAILEY v. SUTTON et al.

[1 Cranch, C. C. 551.][1]

Circuit Court, District of Columbia. July Term, 1809.

PLEADINGS—MOTIONS AND RULES—EXPIRATION OF TIME.

After the rule to plead has expired, the court will not compel the plaintiff to produce his cause of action.

At law. Assumpsit against the defendants as acceptors of a bill of exchange. The rule to plead expired on the third day of this term.

Mr. Youngs, for the defendant, moved to compel the plaintiff to produce his cause of action.

Refused.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

2FED.CAS.—25

BAILEY, (TEAKLE v.) See Case No. 13,811.
BAILEY, (UNITED STATES v.) See Case No. 14,495.

## Case No. 748.

### BAILEY v. WHITFIELD.

Circuit Court, D. Alabama.

[Cited in Alabama & C. R. Co. v. Jones, Case No. 127. Nowhere reported; opinion not now accessible.]

## Case No. 749.

### BAILEY v. WRIGHT et al.

[2 Bond, 181.][1]

Circuit Court, S. D. Ohio. April Term, 1868.

EQUITY—PLEADING—STATUTE OF FRAUDS.

1. Where a bill in equity charges acts of fraud, and sets up, among other things, an agreement by a defendant to execute a mortgage of real estate, and avers a failure and refusal to execute such mortgage, such defendant cannot, by plea, aver the invalidity of such agreement as a parol agreement and void under the statute of frauds, but will be required by answer to respond to the allegations of the bill.

2. The court will require all the facts to be presented to enable it to decide whether the plea of the statute of frauds will be available.

[Cited in McCloskey v. Barr, 38 Fed. 170.]

[In equity. Bill by William Bailey against C. J. Wright and H. Craft charging fraud in their failure to execute a certain mortgage. Heard on motion of complainant to strike defendants' plea from the files, and require them to answer to the merits. Motion allowed.]

R. M. Corwine, for complainant.
John L. Miner and George R. Sage, for defendants.

OPINION OF THE COURT. The bill in this case alleges, in substance, that upon certain false and fraudulent representations by the defendants, the complainant was induced to make an advance to them of $20,000, to be invested in the purchase of cotton for the benefit of all the parties. It is averred, also, that as an inducement for making said advance, and an indemnity therefor, the defendant Wright represented himself as the owner of valuable real estate in Cincinnati, which he promised to mortgage to the complainant to secure him against loss for said advance in money. The bill contains direct allegations of fraud on the part of defendants, prays for an account, and for a decree requiring the defendant Wright to execute a mortgage on the real estate in Cincinnati, according to his promise.

The defendant Wright has filed a plea to the bill, denying all the allegations of fraud, and averring as to the averments of the bill that he promised to execute a mortgage of real estate, that if any such promise was made, it was verbal, and therefore void under

---

[1] [Reported by Lewis H. Bond, Esq., and here reprinted by permission.]